Received
JUN 06 2013
Legal Department

IN THE UNITED STATE DISTRICT COURT OF MARYLAND

IN AND FOR PRINCE GEORGES COUNTY

| | |
|---|---|
| Phillip Ward and Deidre B. Ward ) | Case No. |
| ) | |
| Plaintiff, ) | QUIET TITLE COMPLAINT |
| ) | |
| vs. ) | |
| Branch Banking and Trust, Fisher Law Group ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants, ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**FACTUAL AND PROCEDURE HISTORY**

The instant case concerns a dispute over real property 9710 Dubarry St. Glendale Maryland 20769 owner by the Plaintiff as alleged financing obligations associated with said property. These alleged financing obligations have been transferred, deed of trust assigned fraudulently to Branch Banking and Trust who in whole or in part, have asserted some type of debt claim against the aforementioned property. Prior to the filing of this cause of action, Plaintiffs have repeatedly request the validation of the alleged debt and note-that the Defendants state they have or a financial interest within.

Despite the many complex legal arguments and announcements the Plaintiffs have requested documents Freedom of Information Act (FOIA),Plaintiffs again sent a Qualified Written Request to Branch Banking and Trust in one correspondence on March 23, 2012 by Branch Banking and Trust forwarded the Plaintiffs a Sex Chat Number 1-800-327-8722 they have been unwilling to cooperate and are unable to simply provide proof by validating the alleged debt owed by Plaintiffs or provide proof of the authentic promissory note that they must rely on to enforce any alleged debt in the real property at the core of this dispute.

EXHIBIT 2-A

After conducting considerable research on this matter, as well as being quite frustrated with the prolonged stonewalling regarding what would seem to be the simplest matter to provide proof of the financial institution, Plaintiffs had have no choice to file suit in Prince Georges County to have defendants either provide proof of the alleged debt and note or to relinquish all claims against the real property in question and request for Quiet title.

1. The Defendant Branch Banking and Trust breach of contract violating the FDCPA 15 U.S.C. 1692g see (Exhibit A).

2. The Defendant Branch Banking and Trust fraudulently, fabricated, affidavits assigning the Plaintiffs deed of Trust to Branch Banking and Trust by a coworker Vice president and Collections Manager Chilton Morris.( **Exhibit B**)

The case Outen, et al., v Baltimore County, Maryland, et.al., 177F.R.D.346,(1998) spoke to the of fraud upon the court:

"Fraud on the Court" is a doctrine more difficult to define than to apply. Because the doctrine permits a Court to overturn settled decrees and orders, it is narrowly construed to the most "egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged". Great Coastal Express, Inc. v International Brotherhood of Teamsters, 675 f.2d 1349, 1356 (4th Cir.1982). Courts routinely hold that only fraud which does, or attempts to, defile the court itself, or is perpetrated by its officers, constitutes fraud on the court E.g., Transaero, Inc. v La Fuerza Area Boliviana, 24 F.3d 457,460 (2nd Cir.1994), see also Weese vschukman,98 F3d 542, 552-53(10th Cir. 1996) First Nat'l Bank of Louisville v Lustig,96 F3d 1554, 1573 (5th Cir.1996). The party alleging fraud on the court must prove it by clear and convincing evidence, and all doubts are resolved in favor of sustaining the prior court action Weese, 98 F 3dat552,(emphasis added)

In Green v Mayor and City Council of Baltimore, et al., 198 F.R.D> 645(20010Teh Honorable Fredrick N. Smalkin faced a similar set of facts, although not as egregious as the instant case. Plaintiff in the Green case submitted statements in opposition to a motion for summary Judgment. Subsequent to the submissions of the statements, Plaintiffs, himself a high ranking police officer and a notary, signed signatures of the affiants, without any indication of agency, sealed the document with a notary's seal and stated that the signatures were sworn before me" Subsequent to the filing of the false affidavits the affiants stated that they authorized the Plaintiff notary to sign for them after they were told that the amendments had been made.

Judge Smalkin observed:

They were falsely made because they were patently falsely notarized by the plaintiff, with a false statement that the affidavits had been sworn to before the Plaintiff. In fact, the" affidavits" were not, and could not have been so sworn, as they were executed by the Plaintiff himself outside the presence of the purported affiants, who never appeared to take an oath before the plaintiff. The affiants never, in fact, even swore to the truth of their original statements before plaintiff or any other notary, much less did they swear to the documents actually submitted to the court.

Green ,at 646Judg Smalkin further noted:

Here, lacking any statement therein that the submissions were made under penalty of perjury, see 28 U.S.C. & 1746, an oath before a duly authorized officer was necessary to make the affidavits effective to oppose summary judgment. Thus, the affidavits and the integrity thereof-were both material and critical to an important part of the Court's process of adjudication. The

Plaintiffs conduct in submitting these falsely notarized affidavits, especially when done by someone who should know better as the holder of two officers of trust, amounts to "willfully deceiving the court and engaging in conduct utterly inconsistent with the orderly administration of justice." United States v Shaffer Equipment Co., 1] F.3d 450,462(4thCir, 1993)(quoting United states v National Med. Enters., Inc., 792 F.2d 906,912 (9th Cir. 1986)). See also Aoude v Mobil oil Corp., 892 F2d 1115 (1stCir. 1989), cited with approval in Liv v. County of Lexington, 972F.2d 340, 1992 WL 187299, slip op. At 1-2(4th Cir. 1992)

In dismissing the case with prejudice, Judge Smalkin noted:

The prejudice to the integrity both of the process of adjudication in genereal and of this court in particular, which relies on the trustworthiness of those who submit- not to mention notarize affidavits, is manifest. The public interest in preserving the trustworthiness of sworn documents as a part of the orderly adjudication demands that the strongest means available be taken to redress the situation in this particular case and to deter similar misconduct by others. See Shaffer Equipment, supra,11 F.3d at 462-63. See also Richardson v Cabarrus Co. Bd. of Educ., 151., F.3d 1030, 1998 WL 371999 (4th Cir. 1998).

Green at 647. Finally Judge Smalkin noted that:

"Once a litigant chooses to practice fraud , that misconduct infests his cause of action…" Aoude, 982 F.2d at 1121 cited with approval in Liva, supra In this Court's judgment , plaintiff has fatally infected his own case and must suffer the consequences.

3. The Defendants infected their own case and has been using deceptive practices and fraudulent tactics to steal law abiding hardworking citizens homes. The Fisher Law Group is one of many foreclosure firms representing big banks.

4. Upon information and belief the Plaintiffs sent Qualified Written request many times to the defendants and Interrogatories regarding the property in dispute the Defendant did not respond. **(Exhibit C)**

5. Upon information and belief the Plaintiffs sent a notary presentment the administration process asking the Branch Banking and Trust to validate the alleged debt and produce the note or provide any documents showing their interest in the property in dispute. **Truth is expressed in the form of an Affidavit and unrebuted stands as Truth in Commerce, and unrebuted Affidavit becomes judgment in commerce..** He who fail to asserts his rights has none.

6. Upon information and belief In sworn affidavit on March 28, 2012 Chilton Morris who personally well known to be the note holder in the foregoing Assignment of Deed of Trust, personally appeared before the state of South Carolina and county of Greenville and Notary Marcia P. Walker Commission Expired February 14, 2022. Chilton Morris acknowledge to be the act and deed of the said note holder, Mortgage Electronic Registration System Inc. ("MERS) as nominee for Southern Trust Mortgage Company, LLC and made oath in due form of law that(s)he was authorized to sign, acknowledge and deliver these presents as act of the note holder is a fabricated affidavit.**(Exhibit D)**

7. Upon information and belief the "officer" of 'MERS" assistant secretary Chilton Morris upon information and belief is fabricated is Vice President and Collections Manager for Branch Banking and Trust. **(Exhibit E)**

8. Upon information and belief the documents submitted by The Fisher Law Group to courts and recorded on April 12, 2013 in the Prince Georges County land records are known to be false or fabricated. **(Exhibit F)**

Page 3

9. Upon belief and fact Branch Banking and Trust has no interest in the property in dispute and has no authority to assigned, or appoint substitute trustees to The Fisher Law Group. **(Exhibit G)**

10. Upon information and belief and fact Branch Banking and Trust is the servicer and a debt collector. **(Exhibit H)**

11. Upon information and belief Southern Trust Mortgage sold the loan on 9-1-2005 and has no interest in property therefore "MERS" cannot act as nominee for a lender that has no interest in property and lacks no standing to assign Deed of Trust. **(Exhibit I)**

12. Upon information and belief Branch Banking and Trust stated they are the servicer of the loan. See **(Exhibit J)**

13. Upon information and belief Plaintiffs requested from Branch Banking and Trust under GAAP the financial accounting standards FAS 140 regarding this account and requested the RC-R and RC-S Call report and when was the Fas 140 in effect. If the Loan was a derivative market item and when was the date it went into effect.

14. Upon information and belief after Plaintiffs sent a letter on February 23,2013 to Branch Banking and Trust mortgage loan officer Kathie Cannon dated Vice President and **Collections Manager Chilton Morris** assigned and transfer the instrument had no rights and authority Violating UCC 3-203 Transfer of Instrument Rights acquired by Transfer (A) An instrument is transferred when it delivered by a person other than the issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument (B) Transfer of an Instrument, whether or not the transfer is a negotiation, vest interest in the transferee any right of the transferor to enforce the instrument, including any right as holder in due course, but the transferee cannot acquire rights of holder of due course by a direct or indirect transfer from holder in due course if the transferee engaged in FRAUD OR ILLEGALLITY AFFECTING THE INSTRUMENT.   (Exhibit K )

## JUDICIAL COGNIZNACE

The United States Supreme Court, in Haines v Kerner 404 U.S. 519 (1972), said that, all litigants defending themselves must be afforded the opportunity to present their evidence and that the Court should look to the substance of the complaint rather than the form.

In Platsky v CIA,953 F.2d 26 (2nd Cir. 1991), the circuit court of Appeals allowed, the District Court should have explained to the litigant proceeding without a lawyer, the correct form to the plaintiff so that he could have amended his pleading accordingly. Plaintiff respectfully reserves the right to amend this complaint. Governmental power only extends to restraining each one in freedom of his conduct so as to secure perfect protection to all others from every species of danger to person, health, and property; that each individual shall be required to use his own as not to inflict injury upon his neighbors; and these seem to be all immunities which can be justly claimed by one portion of society from another, under government of constitutional limitation. In Re Newman (1858),9 C. 502.

VERIFIED COMPLAINT TO QUIET TITLE

Page 4

1  Plaintiff petitions this Court for a JURY TRIAL, in an *in rem* proceeding to quiet the title/clear clouds on title of subject property herein stated, commonly known as 9710 Dubarry Street Glendale Maryland 20769. Upon information and belief Branch Banking and Trust has no interest in the property, Plaintiff alleges significant controversies and clouding of title to said property and Deed of Trust and petitions this court to order all parties with legal claim to stipulate and provide proof of claim against said property, else release their claim.

15..Upon information and belief the Plaintiffs is pursuing this action to **Quiet title to real property** owned by the Plaintiffs located at 9710 Dubarry St, Glendale, Maryland 20769, 14 district -account #1585280-Lot 20–Block D- Plat #140042-Map#0036- Grid 00B4-Subdivision-8048—Structure built in 1995.

16. The Plaintiffs alleges that the defendant has failed to comply with the laws governing the mortgage and loan related transactions, namely UCC Provisions 3-501, UCC3-308, UCC3-309 and the Plaintiffs is seeking relief under UCC 3-305.

17. The Plaintiffs requested under the Freedom of Information Act (FOIA) that Branch Banking and Trust on the above **account #6991113752** to produce the **original wet ink current Promissory Note** with Assignments of paid to the order showing the current owner of the note. The bank refused to respond the plaintiffs **Phillip L. Ward and Deidre B. Ward**. (Exhibit L)

18. The Plaintiffs want to see and requested the Original Promissory Note if it has been stamped, endorsed allonges, affixed and notarized, that is prima facia evidence that is was converted to a negotiable instrument.

19. The Plaintiffs requested a copy of certified check or book ledger entry in which Branch Banking and Trust, or the alleged lender gave alleged money or to validate the debts or allege loan to the Plaintiffs. **In a letter dated August 23, 2012 by Kathie Cannon of Branch Banking Trust she stated please refrain from recording this instrument that could be in any way be construed as indicating that ( BB&T) our Security Interest ( in the above property has been released 9710 Dubarry St. Glendale Md. 20769. The Plaintiffs responded with certified letter dated February 27, 2013 requesting under Freedom of Information Act (FOIA) to provide proof. In response by BB&T they stated see Fisher Law Group.** .

They have no interest in the property they are a debt collector. Branch Banking and Trust and the Fisher Law Group work hand in hand intentionally to cause harm to the Plaintiffs. Vice President and collections manager of Branch Banking and Trust Chilton Morris **fraudulently fabricated affidavit as a "MERS" officer assistant Secretary** and assigned of deed of trust by backdating to March 28, 2012 and Morris who has no authority and is not the note holder. Also on March 6, 2013 Branch Banking and Trust did a deed of appointment of substitute trustees with the Fisher law Group as they collaborated to foreclose on Plaintiffs property Without notice violating violating Maryland code 7-105.1a See **(Exhibit M)**

20. The Defendants Branch Banking and Trust responded **March 6, 2013 by fabricating a false affidavit with Vice President and collection Manager Chilton Morris assigning the Deed of trust over to Branch Banking and Trust and has no authority. Branch Banking and Trust Chilton Morris does not work for "MERS" and fraudulently assigned the deed of trust which is a egregious act. See (Exhibit N)**

Page 5

21, Branch Banking and Trust on March 6, 2013 Fraudulently assigned and appointed subtitute trustees naming Jeffrey Fisher, Doreen A. Strohman, Virgina S. Inzer, William K, Smart and Carletta M. Grier. to foreclose on the plaintiffs home without notification violating Maryland Real Property 7-105.1a branch banking and Trust and the, The Fisher Law group collaberated and intentionally harming the Plaintiffs which is an egregious act.

22. The Plaintiffs sent Qualified written request to Branch Banking and Trust the servicer of account# 6991113752 and to provide the original **Promissory Note** and to validate the date and the defendants refuse to send any documents regarding a debt is owed by the Plaintiffs. ( See **Notarized letters O)**

23..The Plaintiffs does not have a contract with any lender or, Branch Banking and Trust, servicer, or investment group because there is no signature on the contract.

24. Southern Trust mortgage stated they sold the loan, Branch Banking and Trust much show proof and documents they bought the loan from Southern Trust mortgage with certified funds, cashier check and validate the debt or provide the RC-R and RC-S Call Report and FAS 140 under GAAP providing accounting or bookkeeping in the amount to prove this asset to be an open book account or a off balance sheet Transaction. If this is an off balance sheet transaction the then Branch Banking and Trust or no lender has any interest and rights in the property and therefore cannot foreclose (

25. .The Plaintiffs requested the **authentic Promissory Note** Branch Banking and Trust sent an altered **Promissory Note to the Plaintiffs** see ) UCC 3-407 Alteration (a) "Alteration"means (I ) an unauthorized change in an instrument that purports to modify in any respect of the obligation of a party, or (ii ) an unauthorized addition of words or numbers or other change to an incomplete instrument relating to the obligation of a party. (b ) Except as provided in subsection (c), an alteration fraudulently made discharges the a party whose obligation is affected by the alteration unless that party assents or is precluded from asserting the alteration. No other alteration discharges a party, and the instrument may be enforced by the original .

26 . Branch Banking and Trust is a servicer and debt collector also The Fisher Law Group is a debt collector and has no standing and has no interest in property. see ( **Exhibit P)**

27. On or about September 25, 2012 Plaintiff sent a FINAL **NOTARY PRESENTMEN Letter to Branch Banking and Trust,** the notice of **DEFAULT & OPPORTUNUTY TO CURE.,** The Plaintiffs requested proof of bank ledger entry or accounting books keyed entry to show where a debit funds from the allege lender account given to Plaintiffs.
The plaintiffs requested that Branch Banking and Trust to produce a copy of a certified check endorsed or given to plaintiffs at closing to pay on the following accounts #6991113752 . Also a notice was sent, via United States Postal Service via the United States Post Office Certified Mail Account No. 70120400000240940264, to Branch Banking and trust, P.O. BOX 2027 Greenville ,SC ,29602-2027-2027 see( **Exhibit Q)**

Plaintiff has requested "Proof of Claim" as to the status of alleged ACCOUNT NO.6991113752, concerning the nature and cause of possible contract violation, a notary

of Presentment for Notice of Default with and opportunity to cure, fraud, assumption of debt and other related matters as being VOID AB INITIO.

28. Branch Banking and Trust., has stipulated by agreement based upon silence, general acquiescence, and therein tacit agreement that; ACCOUNT NO. 6991113752 was created based on **Fraud in the Factum** no consideration, there is no contract between or any **allege investors or a secured party creditor. There is no secured party creditor on account No.# 699111375 2 . There is no signature with Branch Banking and Trust**, or any so called Investors on this contract, they **Defaulted after a final notary presentment and they had and opportunity to cure to prove any debt was owed to any alleged creditor or to any allege Investors** and is VOID (ab initio) FROM THE BEGINNING.( See Exhibit R)

29. *A transfer of the mortgage without the debt is a nullity, and no interest is acquired by it(Merritt v Bantholick, 36 NY 44, 45; see Carpenter v Longan, 83 US 271, 274 [an assignment of the mortgage without the note is a nullity]; US Bank N.A. v Madero , 80 AD3d 751 , 752; U.S. Bank, N.A. v Collymore, 68 AD3d at 754; Kluge v Fugazy, 145 AD2d 537, 538 [plaintiff, the assignee of a mortgage without the underlying note, could not bring a foreclosure action]; Flyer v Sullivan, 284 App Div 697,698 [mortgagee's assignment of the mortgage lien, without assignment of the debt, is a nullity]; Beak v Walts, 266 App Div 900). A ihortgage is merely security for a debt or other obligation and cannot exist independently of the debt or obligation'(FGB Realty Advisors v Parisi, 265 AD2d 297, 298). Consequently, the foreclosure of a mortgage cannot be pursued by one who has no demonstrated right to the debt (id.; see Bergman on New York Mortgage Foreclosures § 12.05[1][a][1991]).*

30. Under *United States Supreme Court decision of Carpenter v. Longan, 83 U.S. 16 Wall.271 271 (1872)*, the Deed of Trust follows the **Promissory Note**. Where the promissory note goes, the Deed of Trust must follow. *"If any part of the consideration for a promise be illegal, or if there are several considerations for an un-severable promise one of which is illegal, the promise, whether written or oral, is wholly void, as it is impossible to say what part or which one of the considerations induced the promise." Menominee River Co. v. Augustus Spies L & C Co ., 147 Wis. 559 at p. 572; 132 NW 1118 (1912).*

31. Under U.S.Code Title 12: Banks and Banking PART 226—TRUTH IN LENDING (REGULATION Z), a servicer does not have the rights of a Lender. *Deutsche Bank v. Peabody, 866 N.Y.S.2d 91 (2008)*. EquiFirst, when making the loan, violated Regulation Z of the Federal Truth in Lending Act 15 USC §1601 and the Fair Debt Collections Practices Act 15 USC §1692; Ihtentionally created fraud in the factum'and withheld from plaintiff… Vital information concerning said debt and all of the matrix involved in making the loan."*Litton Loan v. Farmer, 867 N.Y.S .2d 21 (2008)*. "Wells Fargo does not own the mortgage loan… Therefore, the… matter is dismissed with prejudice."

*Separation At Settlement*

32. The Note and Mortgage were separated at settlement when the allege Lender Southern Trust Mortgage " nominated" "MERS" as nominal lender while the beneficiary under the note remained Southern Trust Mortgage has no interest in property since 9-1 2005 and was recorded October 4 , 2005 "MERS" has no interest had no authority to possessed the note or had authority to assigned the it.

Plaintiff request Judicial Notice of other decisions rendered by courts in other states that addressed statutes and traditions similar to Pennsylvania: The decision by the SUPREME COURT- STATE OF NEW YORK I.A.S. PART 37-Suffolk county of March 28,2012, in the case of GREEN TREE SERVICING LLC v LOPEZ states: " In any event, the affidavit is unclear as to which entity, MERs or BANK UNITED, FSB, physically delivered the note prior to commencement this section (see HSBC Bank V Hernandez,supra: Citimortgage, Illc. v Stosel, supra: Deutsche Bank Natl. Trust Co. l' Barnett supra: Aurora Loall Serv, LLC v Weisbillm,85 AD3d 95 ,923 NYS2d 609[2d Dopt 2011]; U.S Balik, N.A. " Collymore, 68AD3d 752, 890 NYS2d 578 [2d Dept 2009]. This is particularly important since the assignment only assigns the mortgage and there is **no evidence that MERS initially physically possessed the note or had authority from the lender to assign it.**(emphasis added).(see Aurora Loan Services, LLC Weisblum, supra).

The SUPREME COURT-STATE OF NEW YORK- RICHMOND COUNTY decision of march 21, 2012 cited: "…Nevertheless, there is no proof in the papers presently before the court as to when the subject note was negotiated or transferred to plaintiff. As a result of this failure to establish that it was the [*3] lawful holder of both the note whether by delivery or assignment) and mortgage (emphasis added) prior to the commencement of this action, plaintiff has fail to sustain its burden of demonstrating its standing to commence this foreclosure action (see US Bank NA v Sharif, 89 AD3d at 725; Deutsche Bank Natl. Trust Co. v Barnett, 88 AD3d 636,637-638[2nd Dept. 2011].. Accordingly, Friedman

33. The defendants Branch Banking and Trust fail to respond to the Plaintiffs to Interrogatories.

34. Branch Banking and Trust has suffered no loss and has no Interest in property.

35. The defendants deliberate misrepresentation "intent to defraud" Plaintiffs there was no contract with Branch Banking and Trust they are the servicer and the Plaintiffs , UCC 1-201 (11) "Contract" means the total legal obligation which results from **PARTIES'** agreement as affected by this and any other applicable rules of law. Blacks Law dictionary contract is, A covenant or agreement between **two or more persons** with a lawful consideration or cause. A deliberate engagement between competent **PARTIES** upon a legal consideration .

36. Forgery the plaintiffs requested original authentic promissory notes and a copy of the original authentic promissory note , the defendants sent a copy of the authentic original Promissory Note only with "pay to the order without recourse" to Branch Banking and Trust with Christie Hughes Executive Assistant without the Plaintiffs signature without the WITNESS the HANDS AND(S) AND SEAL(S) OF THE UNDERSIGNED. Without the document notarized and dated on page (4). Blacks law Dictionary, Forgery the false making or the material altering of a document with intent to defraud. See(

Page 8

38. Since no one party represents a real party of interest, then no one party may enforce the promissory note.

39. The Defendants are not a real and beneficial party of interest.

40. *Federal Rule of Civil Procedure 17(a)(1) which requires that "[a]n action must be prosecuted in the name of the real party in interest." See also, In re Jacobson, 402 B.R. 359, 365-66 (Bankr. W.D. Wash. 2009); In re Hwang, 396 B.R. 757, 766-67 (Bankr. C.D. Cal. 2008).*

41. Pursuant to Maryland Commercial Law Code 3-302 the Defendants (trustees) or the agent it represents are **NOT** *Holder/Holder In Due Course* of the "authentic original unaltered Promissory Note" evidencing the claimed indebtedness, entitling Defendants (trustees) or the agent it represents to a right to payment, and as such is unlawfully encumbering and clouding the title of subject proper.

42. Pursuant to Maryland Commercial Law Code 3-308, Plaintiff hereby denies the validity of signatures on any photocopy of **a Promissory Note** and hereby requests the issuance of a subpoena duces tecum for the original to be produced for and on the record.

43. The "Allege Lender" as defined on the Mortgage related to said property commonly known as 9710 Dubarry St. Glendale, Maryland, 20769 is Southern Trust Mortgage. LLC does not hold the note and has no interest in the property., and there is no evidence of transfer of ownership from the Allege Lender to the Defendant (Branch Banking and Trust). . The allege Lender identify "MERS" as nominee and mortgagee for its members' successors and assignees. "MERS" members from pays the recording fees that would otherwise be furnished to the relevant localities (id.; see *Matter of MERSCORP, Inc. v Romaine, 8 NY3d at 100*). This leaves borrowers and the local county or municipal recording offices unaware of the identity of the true owner of the note, and extinguishes a source of revenue to the localities. According to "MERS", any loan registered in its system is "inoculated against future assignments because "MERS" remains the mortgagee no matter how many times servicing is traded."Moreover, "MERS' does not lend money, does not receive payments on promissory notes, and does not service loans by collecting loan payments. *Mortgage Electronic Registration Systems, Inc. v. Chong, 824 N.Y.S.2d 764 (2006). MERS did not have standing as a real party in interest under the Rules to file the motion... The declaration also failed to assert that MERS, FMC Capital LLC or Homecomings Financial, LLC held the Note.*

45. Defendants are not the party that was granted the mortgage; they should attach proof of the original note assignment of the debt do its motion. Without this proof, it lacks standing to make the motion.

46. Plaintiff further notices the court that if Plaintiff **remedy** pursuant to the Statutes at Large, Commercial Law and Constitutional Law is violated, Plaintiff will file an action in quo warrant for the law supporting such denial of remedies and/or remove action to Federal Court.

57. Defendants continue to attempt to foreclose on real property without being the lawful owners of said property. Defendants continue to attempt to collect a debt.

58.. Defendants failed to answer Interrogatories relating to "Proof of Claim" of alleged loan/debt, and has therefore has failed to state a claim where relief can be granted.

## FIRST CAUSE OF ACTION

### Branch Banking and Trust and Fisher Law Group

### Plaintiffs Sue Defendants Branch Banking and Trust and Fisher Law Group

59. Defendants Branch Banking and Trust and Fisher Law Group are "debt collectors" as term defined by FDCPA. 15 U.S.C.& 1692a(3).

60. Defendants Branch Banking and Trust and Fisher Law Group violated FDCPA (15) U.S.C.& 1692a(6) and Wilson v. Draper Goldberg, P.L.L.L.C.,443F.3d373 (4thCir (2006).

61. Defendants Branch Banking and Trust and Fisher Law Group violated FDCPA (15 U.S.C. & 1692.e(5) by threating to and actually taking action that they could not take in that they docketed foreclosures with the knowledge that they would improperly support the docketing with false, misleading , fabricated or counterfeit affidavits support to sale Plaintiffs home.

62. The false, fabricated, or counterfeit affidavit filed by the defendants in support of docketing of a foreclosure to sale the Plaintiffs home and ratification of a foreclosure sale was a false representation or a deceptive in which they attempted to collect a debt in violation of FDCPA. 15 U.S.C.& 1692c(10 and 1692f.

63. The Defendants had the resources to have properly and legally prosecuted every foreclosure; however they choose to illegally foreclose on Plaintiffs.

64. The Plaintiffs have suffered damages as a direct result of the violation of the FDCPA by Defendants.

WHEREFORE, the Plaintiffs demand judgment against the Defendants Branch Banking and Trust and The Fisher Law Group statutory damages of $1,000.00.

65. The Plaintiffs seek punitive damages for the deceptive, fraudulent, fabricated and counterfeit affidavits to sell plaintiffs home is seeking damages in the amount of ( $1,000,000.00 dollars).

66. Any other relief as the Court deems necessary.

## SECOND CAUSE OF ACTION
## WRONGFUL FORECLOSURE

67. The Defendants failed to comply with the provisions Real Property 7-105.1a and 7-105.2 in that they knowingly and willfully filed false, fabricated and counterfeit document affidavits in support of the order to docket against Plaintiffs.

68. The Defendants false fabricated or counterfeit affidavit was filed in lieu of an affidavit an statement as a condition precedent.

69. The false, fabricated or counterfeit affidavit or statement is at best a nullity and as a condition precedent, render any foreclosure sale void.

**WHEREFORE,** the Plaintiffs member of 7-105.1a seeks judgment against the Defendants in the amount of $1,000,000.00 million in damages.

70. Other relief as the Court may deem appropriate.

### THIRD CAUSE OF ACTION
### NEGLIGENCE

71. The Plaintiffs executed a deed of trust as security for a mortgage on their owner occupied home.

72. Every trustee named in the initial deeds of trust had both a legal equitable fiduciary duty to the relevant Plaintiffs.

73..Branch Banking and Trust and The Fisher Law Group , Jeffrey Fisher, individually and collectively, knowingly made the decision to become substitute trustees with all of the responsibilities and obligation of trustees and substitute trustees, however Branch Banking and Trust is only the servicer of the loan and has no interest in the property contends that they were the holder of the note, but the note was fraudulently assigned by Chilton Morris Vice President and collections manger of Branch Banking and Trust and did not work for "MERS" had no authority to appoint substitute trustees.

74. A review of the deed of trust reveals that only the "lender" at its option may from time to time remove the trustee or appoint a substitute trustee. Since the deed of Trust list Southern Trust Mortgage as the lender and "MERS" as nominee, thereby differentiating the two parties and their roles and rights under the deed of trust. The deed of Trust could have easily authorized both the lender and "MERS" to appoint substitute trustee, yet under its express provisions only the lender was granted such rights therefore the appointment was unauthorized.

75. Branch Banking and Trust violated Real Property 7-105.1 and 7-105.2 mandate that certain notice, documents, statements and affidavits, be provided to plaintiffs, homeowners, and third parties during the foreclosure process.

**WHEREFORE** the Plaintiffs demand judgment against Branch Banking and Trust and The Fisher Law Group in damages of $1,000,000.00 dollars.

76. Other relief as the court find appropriate.

### FOURTH CAUSE OF ACTION
### FRAUD

77. Branch Banking and Trust deliberately calculated intentionally fraudulently and fabricated AFFIDAVIT BY ITS EMPOLYEE VICE PRESIDENT AND COLLECTIONS MANAGER Chilton Morris as a Assistant Secretary of "MERS" assigning the Instrument and appointing subtitute trustees wiand collberated with the Fisher Law Group

WHEREFORE the Plaintiffs seeks remedy and demand Quiet title to property and demand damages in the amount of $2,000,000.00 dollars for egregious Act.

78 .Plaintiff respectfully petitions this Court to enter a judgment ordering the following remedies:

*WHEREFORE*, Plaintiff demands that the title of Plaintiff property at 9710 Dubarry St, Glendale, Maryland 20769 with LEGAL DESCRIPTION: Lot number ( 20), Block lettered" (D) in a subdivision 8048 , as per plat thereof recorded in Plat number-140042 built 1995 grid 00B4 among the Land Records of Prince George's County, Maryland  Being the same conveyed to Phillip L. Ward and Deidre B. Ward be confirmed and quieted. That any lien interests, and rights thereof, asserted by Defendants (trustees) or the agent it represents be forever declared invalid, unenforceable, and an unjust cloud on the title, and declared null and void by Order of the Court. Plaintiff demands that if a foreclosure is conducted prior to the adjudication of this case by the Defendants that it be vacate, and be granted quiet title.

61. Plaintiff also demand that any and all other just and proper relief by the court, not specifically requested but appropriately due in the interest of justice. The Plaintiffs are seeking $ 1,000,000.00 in damages against Defendants with the "intent to Defraud', Fraud by Deception, misrepresentation, the defendants is dishonest who selfishly disregards the sanctity of the courts, even the most the fundamental principles of Justice that's all we have in the greatest country in the world the courts, the courts can make a wrong, right we have remedy all we ask is for Justice.

PLAINTIFF DEMAND A TRIAL BY JURY

Respectfully Submitted,  _____

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been furnished, by private courier and/or hand delivery and/or facsimile and/or USPS 1st Class Mail postage prepaid, this _____ day of May 9, 2013 to:

Kathie Canaan / General Counsel
Branch Banking and Trust Company Mortgage Department
P.O. Box 2027 Greenville, SC  29602-2027

The Fisher Law Group PLLC
9440 Pennsylvania Avenue, Suite 350
Upper Marlboro, MD 20772

Respectfully submitted,

*/s/ Phillip Ward/*
Phillip Ward

Phillip Ward and Deidre Ward
5510 Noble Effort Court
Bowie, MD 20720

Mailed by: _____

Enclosed

Page 14