IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PHILLIP & DEIRDRE WARD, *Plaintiffs,* | |
| v. | Civil Action No.: ELH-13-01968 |
| BRANCH BANKING & TRUST, *Defendant.* | |

**MEMORANDUM**

Phillip and Deirdre Ward, plaintiffs, filed suit in July 2013 against defendants Branch Banking & Trust ("BB&T") and the Fisher Law Group, PLLC, alleging five counts related to defendants' attempt to foreclose plaintiffs' home. *See* ECF 2.[1] Plaintiffs' claims against the Fisher Law Group were dismissed in June 2014, along with four of the five counts alleged against BB&T, as discussed, *infra*. *See* ECF 28 ("Memorandum"); ECF 29 ("Dismissal Order"). Now pending is plaintiffs' "Motion for Leave to Amend Complaint," in which they seek to amend their suit for the second time. ECF 33 (the "Motion"); *see also* ECF 43 (proposed Second Amended Complaint).

BB&T has filed a response in opposition to the Motion (ECF 46, "Opposition"), along with exhibits that consist of documents from a related foreclosure action in the Circuit Court for Prince George's County, Maryland, Case No. CAE13-09860 (the "Foreclosure Action"). *See* ECF 46-1 ("Final Order of Ratification"); ECF 46-2 (motion for temporary injunction filed by the Wards in the Foreclosure Action); ECF 46-3 (motion to stay foreclosure sale filed by the

---

[1] Plaintiff filed suit in the Circuit Court for Prince George's County and defendant removed the case to this Court. ECF 1 (Notice of Removal).

Wards in the Foreclosure Action); ECF 46-4 (orders of a Maryland court denying the Wards' motions in the Foreclosure Action). As evidenced in BB&T's first exhibit (ECF 46-1), on July 22, 2014, the Circuit Court for Prince George's County issued a Final Order of Ratification ratifying the sale of the Wards' foreclosed property.

The proposed Second Amended Complaint re-alleges the same four counts that I previously dismissed in June 2014, with leave to amend. *See* ECF 28 (Memorandum); ECF 29 (Order). Specifically, the proposed Second Amended Complaint re-alleges "wrongful foreclosure fraud" (Count I); violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* (Count III); unjust enrichment (Count IV); and violation of the Maryland Uniform Commercial Code (Count V). *Compare* ECF 43 (proposed Second Amended Complaint) at 9-15 *with* ECF 14 (Amended Complaint) at 8-14. It also re-alleges, in shorter form, a claim for violation of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* (Count II), which survived defendants' motion to dismiss as alleged in the operative, Amended Complaint (ECF 14). The counts have the same number in the proposed Second Amended Complaint as in the Amended Complaint. *See* ECF 43; ECF 14. Counts I, IV, and V all turn on the Wards' belief that BB&T relied on falsified and invalid documents in the Foreclosure Action. *See* ECF 43 ¶¶ 31, 35-39, 50, 54-55. Count III appears to turn on the same. *See id.* ¶ 44, 46-47.

The factual allegations in the proposed Second Amended Complaint differ in some ways from the allegations in the Amended Complaint. *Compare* ECF 43 at 2-8 *with* ECF 14 at 2-8. However, except with regard to Count III, as discussed, *infra*, these differences are not material to my finding that amendment of the Amended Complaint to include the proposed Counts I, III, IV and V would be futile. That is to say, the differences in factual allegations do not affect the

basis of my ruling.  And, as stated, the remaining count, Count II, has already survived defendant's previous motion to dismiss for failure to state a claim.  *See* ECF 29 (Order).

As noted, in June 2014, I dismissed Counts I, IV, and V.  I concluded that I was "required by *Younger* [*v. Harris*, 401 U.S. 37 (1971), and its progeny] to dismiss plaintiffs' claim that BB&T has relied on falsified and invalid documents in the Foreclosure Action."  *See*, *e.g.*, Memorandum, ECF 28 at 16, 24, 26.[2]  I reasoned, *inter alia*, that "plaintiffs have had ample opportunity to dispute the authenticity of the documents relied upon by BB&T in the context of the Foreclosure Action."  *Id*. at 15.

Similarly, I find that plaintiffs' renewed Counts I, IV, and V would be futile, *see*, *e.g.*, *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010), because the Wards are now collaterally estopped from re-litigating the same issue already decided in the State Foreclosure Action, *i.e.*, the validity and authenticity of the documents relied upon by BB&T in the context of the Foreclosure Action.

"Generally, the preclusive effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008); *accord Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 643 (4th Cir. 2011) (per curiam).  In *Burruss v. Board of County Commissioners of Frederick County*, 427 Md. 231, 249, 46 A.3d 1182, 1193 (2012), the Maryland Court of Appeals reiterated the elements of collateral estoppel:

1. Was the issue decided in the prior adjudication identical with the one presented in the action in question?

2. Was there a final judgment on the merits?

---

[2] I also held that Count IV was not ripe.  ECF 28 at 24.

   3. Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

   4. Was the party against whom the plea is asserted given a fair opportunity to be heard on the issue?

Here, as BB&T correctly points out in its Opposition, ECF 46 at 7, the Wards brought the same factual challenges to BB&T's foreclosure in the Foreclosure Action as they do in proposed Counts I, IV, and V. *Compare*, *e.g.*, ECF 46-2 at 13-15 (Wards' memorandum in support of motion for preliminary injunction in Foreclosure Action) *with* ECF 43 at 9-15 (allegations in proposed Seconded Amended Complaint). And, the Circuit Court for Prince George's County has issued a final judgment denying those claims. *See* ECF 46-4 (orders of Judge Toni E. Clarke denying the Wards' motions); *see also* ECF 46-1 (ratification of foreclosure sale). Moreover, Jeffery B. Fisher, Esq., a plaintiff in the Foreclosure Action, was acting as a Substitute Trustee, on behalf of BB&T, and thus the party against whom the pleas are asserted today, BB&T, was in privity with a party to the prior adjudication. *See* ECF 46-4 (order in the Foreclosure Action showing Jeffrey B. Fisher as plaintiff, Substitute Trustee); ECF 46 (stating Foreclosure Action "was filed by Substitute Trustees for BB&T"). And, now, as before, plaintiffs "have had ample opportunity to dispute the authenticity of the documents relied upon by BB&T in the context of the Foreclosure Action." ECF 28 at 15.

Accordingly, this Court is bound by the findings of the Circuit Court for Prince George's County that documents submitted by an agent of BB&T in support of the foreclosure action— the same documents disputed here—were valid and authentic. Therefore, amendment of the Amended Complaint to include Counts I, IV, and V would be futile. *See Jones*, 444 F. App'x at 643-45 (affirming district court's denial of leave to amend the Complaint, where foreclosure

action in Maryland court had preclusive effect on plaintiff's proposed causes of action, including "fraud, wrongful foreclosure, and violation of the Maryland Consumer Protection Act," under doctrine of claim preclusion); *see also Pat Perusse Realty Co. v. Lingo*, 249 Md. 33, 45, 238 A.2d 100, 107-08 (1968) ("Public policy against repetitive identical litigation, which underlies the rule of res judicata, applies here [under the doctrine of collateral estoppel] with logic and force to provide that [plaintiff's] rights were satisfied by having had its day in court on an issue, and that it is not entitled to another day in court against a particular [non-identical] defendant on that issue."); *accord Rourke v. Amchem Products, Inc.*, 384 Md. 329, 349, 863 A.2d 926, 938 (2004).

Granting plaintiffs leave to amend the Amended Complaint to include the proposed Count III, for violation of the FDCPA, would also be futile. As before, plaintiffs fail to allege facts showing a plausible violation of the FDCPA. *See* Memorandum, ECF 28 at 22-24. Indeed, plaintiffs effectively allege that defendant was *not* a debt collector within the meaning of the Act.

Although plaintiffs do not specify which provision of the FDCPA they believe defendant violated, it appears their allegations come closest to stating claims under 15 U.S.C. § 1692f, regarding "Unfair Practices." *See* ECF 28 at 22-24. This provision only applies to the actions of "debt collectors." *See* 15 U.S.C. § 1692f. But, the term "debt collector" excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity … (iii) concerns a debt which was not in default at the time it was obtained by such person … ." 15 U.S.C. § 1692a.

In their proposed Second Amended Complaint, plaintiffs allege that defendant "is defined as a debt collector under the statute because *the debt was assigned for servicing prior to any*

*actual or alleged default* on the part of the *Pro Se* Plaintiffs." ECF 43 ¶ 45 (emphasis added). Thus, plaintiffs allege that defendant began servicing their debt *before* it was in default, which means defendant's debt collection activity concerned "a debt which was not in default at the time it was obtained." *See* § 1692a. For at least this reason, defendant was not a "debt collector" with regard to plaintiffs' debt.

Moreover, to the extent that plaintiffs "are attempting to allege that BB&T initiated foreclosure proceedings, or threatened to do so, without the 'present right to possession of the [Property] … through an enforceable security interest, in violation of 15 U.S.C. § 1692f(6)(A),'" *see* ECF 28 at 24, this claim would also be futile, for the reasons discussed above. On Count III, as with the others, this Court is bound by the State court's findings with regard to defendant's property rights and interest in plaintiffs' former home.

For the foregoing reasons, plaintiffs' Motion (ECF 33) is DENIED. A separate Order follows, consistent with this Memorandum.

Date: March 2, 2015         /s/
                            Ellen Lipton Hollander
                            United States District Judge