IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PHILLIP WARD, ET AL., <br>    *Plaintiffs,* <br><br> v. <br><br> BRANCH BANKING & TRUST COMPANY, <br>    *Defendant.* | Civil Action No.: ELH-13-1968 |

### MEMORANDUM

This Memorandum addresses the motion for an extension of time to file a notice of appeal, filed pursuant to Fed. R. App. P. 4(a)(5) by Phillip and Deirdre Ward, the self-represented plaintiffs.

### I.  Factual Background

Plaintiffs filed suit in 2013 against defendants Branch Banking & Trust Company ("BB&T") and the Fisher Law Group, PLLC ("Fisher"). ECF 2.[1]  As amended (ECF 14), the Complaint alleged five counts related to defendants' attempt to foreclose on plaintiffs' residence in Glenn Dale, Maryland.  Plaintiffs' claims against Fisher were dismissed in June 2014, along with four of the five counts alleged against BB&T.  *See* ECF 28; ECF 29.  Count II of the Amended Complaint (ECF 14) remained, alleging that BB&T violated the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.,* by failing to disclose the sale or transfer of plaintiffs' mortgage loan within 30 days after BB&T acquired the loan.  ECF 14 ¶¶ 30-31.  By Memorandum Opinion (ECF 92) and Order (ECF 93) dated May 17, 2016, I granted BB&T's "Second Motion for

---

[1] Plaintiffs filed suit in the Circuit Court for Prince George's County; BB&T removed the case to this Court.  ECF 1.

Summary Judgment" (ECF 89) and directed the Clerk to close the case. The Memorandum and Order were docketed on May 18, 2016. *See* Docket.

Thereafter, on July 18, 2016, the Wards filed a "Motion for Extension of Time to File a Notice of Appeal" (ECF 94), along with a supporting memorandum (ECF 94-1) (collectively, the "Motion"). Plaintiffs deposited their Motion in a night box in the Clerk's Office in Greenbelt, precisely thirty days after the deadline for noting an appeal. BB&T has filed an opposition to the Motion. ECF 100. The Wards have replied. ECF 101.

Also on July 18, 2016, the Wards filed a "Notice of Appeal." ECF 95. By letter of July 22, 2016, the United States Court of Appeals for the Fourth Circuit notified the Clerk of this Court that the Fourth Circuit "will docket the appeal after the district court has ruled on the motion for extension of time." ECF 97.

In their Motion, the Wards aver that "they inadvertently failed to file a notice of appeal within the required time period" and that this Court should grant them relief "based upon the doctrine [of] excusable neglect." ECF 94 at 1. The Wards concede that they received a copy of my Memorandum Opinion (ECF 92) and Order (ECF 93) by U.S. Mail on May 20, 2016. ECF 94-1 at 1. Yet, according to the Wards, "during the same time period, in May of 2016, the *Pro Se* Plaintiff was experiencing a traumatic event at work where the company it [sic] worked for was unexpectedly notified that it was losing its government contract." *Id.* at 2. As a result, the Wards maintain, *id.*: "[T]he *Pro Se* Plaintiff with its [sic] co-workers were experiencing significant emotional strain not knowing if they would still have income and be able to support their families." The Wards submit that it was within this context that they "quickly reviewed the

federal rules for appealing the Court's ruling" and "mistakenly thought that the 60[-]day period applied to them rather than the 30[-]day time period." *Id.*

BB&T does not contest the timelineness of the Wards' Motion. But, BB&T asserts, ECF 100 at 4-5: "Plaintiffs' 'inadvertent' or 'mistaken' understanding of the appeal period does not support a finding of 'excusable neglect,' which is required under Fed. R. App. [P.] 4(a)(5) to extend the appeal period."

In their Reply (ECF 101), the Wards clarify that they were both experiencing work-related problems. They state, *id.* at 2: "[T]he reason the matter was so all consuming and traumatic for the *Pro Se* Plaintiffs is because each of the *Pro Se* Plaintiffs were in danger of losing their livelihood[s] at the same time because they worked for the same company."

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## II. Discussion

### A. Timeliness of the Motion

Timely filing of a notice of appeal is "mandatory and jurisdictional." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988). Under Fed. R. App. P. 4(a)(1)(A), the notice of appeal in a civil case generally "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." However, a notice of appeal may be filed within 60 days after entry of the judgment or order if, *inter alia*, the United States or an agency is a party. Fed. R. App. P. 4(a)(1)(B).

Fed. R. App. P. 4(a)(5) governs motions for extension of time in which to file an appeal. It provides, *id.*:

(5) **Motion for Extension of Time.**

> (A) The district court may extend the time to file a notice of appeal if:
>
>> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>>
>> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
>
> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
>
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

Fed. R. App. P. 26(a)(1) pertains to the calculation of the deadlines set forth in Fed. R. App. P. 4. Rule 26(a)(1) provides, *id.:*

> (a) **Computing Time.** The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
>
>> (1) **Period Stated in Days or a Longer Unit.** When the period is stated in days or a longer unit of time:
>>
>>> (A) exclude the day of the event that triggers the period;
>>>
>>> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>>>
>>> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed R. App. P. 26(a)(4) is also relevant. It provides (emphasis added):

(4) **"Last Day" Defined.** *Unless a different time is set by* a statute, *local rule*, or court order, *the last day ends*:

> (A) for electronic filing in the district court, at midnight in the court's time zone;

> (B) for electronic filing in the court of appeals, at midnight in the time zone of the circuit clerk's principal office;

> (C) for filing under Rules 4(c)(1), 25(a)(2)(B), and 25(a)(2)(C)--and filing by mail under Rule 13(b)[2]--at the latest time for the method chosen for delivery to the post office, third-party commercial carrier, or prison mailing system; and

> *(D) for filing by other means, when the clerk's office is scheduled to close.*

As noted, my Memorandum Opinion (ECF 92) and Order (ECF 93) of May 17, 2016, were not docketed in CM/ECF until May 18, 2016.[3] Accordingly, the Wards were required to file their notice of appeal within 30 days from that date, *i.e.*, on or before June 17, 2016. *See* Fed. R. App. P. 4(a)(1)(A). And, pursuant to Fed. R. App. P. 4(a)(5), the deadline for filing a motion for extension of time in which to file the appeal was July 18, 2016.

---

[2] Fed. R. App. P. 4(c)(1) and 25(a)(2)(C) address filings by inmates. Fed. R. App. P. 25(a)(2)(B) concerns filing submissions through U.S. Mail or third-party commercial carriers. Fed. R. App. P. 13(b) concerns permissive appeals from the tax court. These provisions do not apply here.

[3] Local Rule 102.5(a) provides:

> The electronic filing by a judge or the Clerk of any order, decree, judgment, proceeding, or other documents shall constitute entry of that document on the docket maintained by the Clerk as well as notice to and service upon registered parties in the case under the federal rules of procedure. Pursuant to Fed. R. Civ. P. 79 and Fed. R. Crim. P. 55, documents filed under this method are deemed to be the official court record maintained by the Clerk

For the Wards, who filed a paper copy of their Motion with the Clerk of this Court, Fed. R. App. P. 26(a)(4)(D) applies. Accordingly, the Local Rules concerning the filing of submissions are also relevant.

Local Rule 504.1 states: "The Clerk's Office shall be open from 9:00 a.m. to 4:00 p.m. on all days except Saturdays, Sundays, the legal holidays specified in Fed. R. Civ. P. 77(c), and the day after Thanksgiving." Local Rule 504.2 provides: "For the convenience of litigants and counsel, an 'after hours' or 'night' box in which filings can be made outside of normal business hours is located on the first floor of each courthouse. The hours during which each box is accessible are posted on the Court's website and at the entrance to each courthouse." The website for this Court provides, in relevant part:

> The After Hours Box is intended as a convenience. It is not intended as an alternative for filing papers during regular business hours. Filings may be placed in the after hours box after 4:00 p.m. Monday through Friday (except holidays). Filings placed in the box will be "date stamped" the day they are deposited. The box in Baltimore will remain open until midnight. Because of security concerns, the box in Greenbelt will be open only until 7:00 p.m. These hours may be changed without notice because of security concerns.

Hours of Operation, United States District Court for the District of Maryland, https://www.mdd.uscourts.gov/courtinfo/hours.asp (last visited Aug. 24, 2016).

The Wards deposited their Motion into the After Hours Box at the Clerk's Office in Greenbelt after the close of business on July 18, 2016. ECF 94. Specifically, the date and time stamp on the Motion shows that the Wards deposited it in the night box of the United States Bankruptcy Court for the District of Maryland in Greenbelt at 6:53 P.M. ECF 94 at 1. The Motion also contains a date stamp for July 18, 2016, stating, *id.*: "At Greenbelt Clerk U.S. District Court District of Maryland Night Deposit Box."

Accordingly, I conclude that the Wards timely filed their Motion seven minutes before the night box at the Greenbelt Courthouse was scheduled to become unavailable for filing. Compare *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) (finding that the district court abused its discretion in granting a motion for extension of time to file an appeal by a self-represented prisoner whose motion was dated two days after the expiration of the deadline to seek an extension of time pursuant to Fed. R. App. P. 4(a)(5)); *see also Walsh v. Nationstar Mortgage, LLC, et al.*, No. 1:15-CV-00936, 2016 WL 3766306, at *2 (E.D. Va. July 7, 2016) (citing *Goode*, 252 F.3d at 245-46).

### B.  Excusable Neglect

The decision whether or not to grant an extension of time based upon excusable neglect is committed to the discretion of the district court.  *See Cent. Radio Co. Inc. v. City of Norfolk, Va.*, 811 F.3d 625, 631 n.5 (4th Cir. 2016) (quoting *Thompson,* 76 F.3d at 532 n.2).  *Accord United States v. Borromeo*, 945 F.2d 750, 754 (4th Cir. 1991); 16A Wright & Miller, Federal Practice and Procedure (2008 & 2016 Supp.) § 3950.3 at 308 ("Wright & Miller") ("Whether to grant an extension rests largely in the discretion of the district court.").  Although the Motion itself was timely filed, plaintiffs have not established excusable neglect to justify an extension of the appeal period.

As discussed, the Wards maintain that "the potential loss of long-term employment" "created significant emotional stress that prevented them from functioning at full capacity and ultimately led to an inadvertent miscalculation of the days to file a notice of appeal."  ECF 94-1 at 3.  They contend that their circumstances amount to excusable neglect.

In particular, plaintiffs rely on *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380 (1993), to support their contention that they have shown excusable neglect. ECF 94-1 at 2-3.[4] In *Pioneer Inv. Servs. Co.,* 507 U.S. at 395, the Supreme Court identified a number of potentially relevant circumstances, including "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." The Fourth Circuit has said: "The most important of the factors identified in *Pioneer* for determining whether neglect is excusable is the reason for the failure to [timely] file." *Thompson v. E.I. DuPont de Nemours & Co.,* 76 F.3d 530, 534 (4th Cir. 1996); *accord Colony Apartments v. Abacus Project Mgmt., Inc.,* 197 F. App'x 217, 223 (4th Cir. 2006).

---

[4] The Wards do not rely on good cause. "Good cause will be found where forces beyond the control of the appellant prevented her from filing a timely notice of appeal." *Nicholson v. City of Waren*, 467 F.3d 525, 526 (6th Cir. 2006); *see also Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 630 (1st Cir. 2000). Nevertheless, BB&T asserts, ECF 100 at 2 n.1:

> Plaintiffs do not and cannot argue the "good cause" standard. It is well-established that the "good cause" standard is only applicable to motions for extension of time filed within the initial thirty-day period following the entry of judgment. *Thompson v. E.I. DuPont de Nemours & Co.,* 76 F.3d 530, 532 (4th Cir. 1996). In that Plaintiffs filed their Motion sixty (60) days after the entry of judgment, the "good cause" standard is inapplicable.

In *Haynes v. Genuine Parts Co.*, No. 1:13CV615, 2015 WL 8484448, at *2 (M.D.N.C. Dec. 9, 2015), the court observed that *Thompson*, 76 F.3d 530, has been superseded, in part, by the 2002 amendments to Fed. R. App. P. 4(a)(5)(A)(ii). According to 16A Wright & Miller, Federal Practice and Procedure (2008 & 2016 Supp.) § 3950.3 at 279 (emphasis added): "[T]he 2002 amendment to Rule 4(a)(5) has made clear that *both the excusable-neglect and the good-cause alternatives are available* regardless of whether the motion is made before or after the expiration of the appeal deadline."

Excusable neglect "is not easily demonstrated, nor was it intended to be." *Thompson,* 76 F.3d at 534. Indeed, "a district court should find excusable neglect only in the *extraordinary cases* where injustice would otherwise result." *Id.* (citation and quotation marks omitted) (emphasis added in *Thompson*). "'[A] mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing'" for excusable neglect. *Id.* (quoting *In re O.P.M. Leasing Serv., Inc.,* 769 F.2d 911, 917 (2d Cir. 1985)).

"Although neglect no longer needs to be beyond a party's control to be deemed excusable, 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect.'" *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 464 (8th Cir. 2000) (quoting *Pioneer Inv. Servs. Co.,* 507 U.S. at 392). Moreover, "a 'simple case of miscalculation' regarding deadlines is not a sufficient reason to extend time, *United States v. Alvarez–Martinez,* 286 F.3d 470, 473 (7th Cir. 2002), and judges do not have 'carte blanche' authority to allow untimely appeals, *United States v. Marbley,* 81 F.3d 51, 52 (7th Cir. 1996)." *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005).

In my view, the Wards have not demonstrated excusable neglect. I am mindful that "[c]ourts should give weight to the fact that a litigant is pro se when determining whether neglect is excusable." 16A Wright & Miller § 3950.3 at 298. Yet, "mistakes by those who proceed without counsel are not necessarily excusable." *Nicholson v. City of Warren*, 467 F.3d 525, 527 (6th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

In *Nicholson*, 467 F.3d 525, the Sixth Circuit affirmed a district court's denial of a motion for an extension of time in which to file a notice of appeal. There, the plaintiff, who was self-represented, brought suit against the city of Warren, Michigan, pursuant to the Americans

with Disabilities Act, 42 U.S.C. §§ 12101 *et seq. Id.* at 526. Plaintiff alleged that "she had been injured when her wheelchair was not properly secured in a transportation van provided by defendant." *Id*. The district court dismissed the complaint and denied plaintiff's subsequent motion for reconsideration. *Id.* Approximately six weeks later, plaintiff filed what the district court construed, in part, as a motion for an extension of time in which to file an appeal. *Id.* Plaintiff claimed that she had shown good cause because she was "under stress and had an allergic reaction to medication which required emergency room treatment." *Id.* at 526. She also argued excusable neglect, explaining that "she was unsure whether she had thirty or sixty days to appeal, because the defendant was a government entity, but not a federal government entity." *Id.* at 526-27.

The Sixth Circuit affirmed. As to good cause, it concluded, *id.* at 526: "The district court properly noted that, while lengthy incapacitating illness might constitute good cause, Nicholson gave no details of the duration of her medical treatment which would indicate that she had been unable to file a notice of appeal within thirty days of the court's order." With respect to excusable neglect, the Sixth Circuit said, *id.* at 527 (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 392): "Ignorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect."

The justification set forth by the Wards is less compelling than the rationale advanced by the plaintiff in *Nicholson*, 467 F.3d 525. Here, for example, there are no contentions that the Wards required urgent medical treatment during the period in which they might have noted an appeal. Rather, the crux of the Wards' argument is that, amid a period of personal financial uncertainty and stress, they "quickly reviewed the federal rules for appealing the Court's ruling"

and "mistakenly thought that the 60 day period applied to them rather than the 30 day time period." ECF 94-1 at 2. In other words, the Wards simply made a mistake in determining the deadline by which they had to note an appeal. *See Nicholson*, 467 F.3d at 526-27.

To be sure, even lawyers sometimes find that certain rules are confusing. But, Fed. R. App. 4(a)(1)(A) and (B) are not in that category. It is patently obvious that neither the United States nor any of its agencies or employees has ever been a party to this case, and so it is difficult to understand how plaintiffs could have concluded that the extended appeal period under Rule 4(a)(1)(B) applied here. Moreover, the Wards obviously were aware of the fact that there are time limitations as to the right to appeal. The Wards' error in construing the deadline under the rules, although regrettable, does not turn this case into an extraordinary one, in which injustice would result without relief. *See Thompson,* 76 F.3d at 534.

In this regard, 16A Wright & Miller has explained, § 3950.3 at 291 (quoting *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 367-68 (2d Cir. 2003), *cert. denied*, 540 U.S. 1105 (2004)):

> We operate in an environment *** in which substantial rights may be, and often are, forfeited if they are not asserted within time limits established by law. Judges, of course, make mistakes. We, like the district court, have considerable sympathy for those who, through mistakes—counsel's inadvertence or their own—lose substantial rights in that way. *** But the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced—where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the bar.

### III. Conclusion

The Wards have failed to demonstrate excusable neglect. Accordingly, I will deny the Motion (ECF 94). A separate Order follows, consistent with this Memorandum.

Date: August 25, 2016          /s/
                               Ellen Lipton Hollander
                               United States District Judge