IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PHILLIP WARD, et al.,
*Plaintiffs*,

v.

BRANCH BANKING & TRUST,
*Defendant*.

Civil Action No. ELH-13-1968

**MEMORANDUM**

Plaintiffs Phillip and Deidre Ward, who are self-represented, filed suit in July 2013 against defendants Branch Banking & Trust Company ("BB&T") and Fisher Law Group, PLLC ("Fisher Law Group"). *See* ECF 2. Their suit contained multiple counts related to defendants' attempt to foreclose plaintiffs' home in Glenn Dale, Maryland (the "Property"). *See id*. Plaintiffs filed an Amended Complaint in September 2013. ECF 14.

Plaintiffs' claims against the Fisher Law Group were dismissed in June 2014, along with four of the five counts alleged against BB&T. *See* ECF 28 (Memorandum); ECF 29 (Order). In February 2016, BB&T moved for summary judgment with respect to the remaining claim, alleging a violation of the Truth in Lending Act, as amended, 15 U.S.C. §§ 1601, *et seq*. ECF 89. By Memorandum Opinion (ECF 92) and Order (ECF 93) of May 17, 2016, I granted BB&T's motion for summary judgment.

On July 18, 2016, the Wards simultaneously filed a "Motion for Extension of Time to File a Notice of Appeal" (ECF 94) and a notice of appeal to the Fourth Circuit. ECF 95. The Wards sought an extension because the appeal was otherwise untimely. *See* ECF 95. BB&T opposed the motion for extension (ECF 100) and the Wards replied. ECF 101. By Memorandum (ECF 102) and Order (ECF 103) of August 25, 2016, I denied the motion for

extension. In ECF 102, I explained that the Wards failed to demonstrate excusable neglect. ECF 102 at 11. The Fourth Circuit subsequently dismissed the appeal on February 27, 2017, as untimely filed. ECF 105. The mandate issued on March 21, 2017. ECF 106.

On May 16, 2017, pursuant to Fed. R. Civ. P. 60(b), the Wards filed "*Pro Se* Plaintiffs' Motion for Relief from Judgment of this Court's Final Order Granting Summary Judgment to Defendant Branch Banking and Trust." ECF 107. The motion is supported by a memorandum of law. ECF 107-1 (collectively, "Motion"). The Wards ask the Court to vacate the Order (ECF 93) granting summary judgment to BB&T. ECF 107. In particular, they claim that during discovery, BB&T failed to disclose Christina Powers and Mary Elizabeth Schwiers as expert witnesses under Fed. R. Civ. P. 26(a)(2), yet both provided declarations in regard to BB&T's summary judgment motion. ECF 107-1 at 6.

Although plaintiffs recognize that the requested remedy is "extraordinary", they claim it is necessary to "prevent manifest injustice . . . ." ECF 107 at 1. They also add that they are "providing new arguments not previously raised", relating to discovery violations. ECF 107-1 at 3.

Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Notably, Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." *Id.* at 313.

Rule 60(c)(1), titled "Timing", provides: "A motion under Rule 60(b) must be made **within a reasonable time**—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." (Emphasis added). According to Wright and Miller, motions under Rule 60(b)(1) through (3) must be made within a reasonable time, but not later than within one year of the entry of judgment. C. Wright & A. Miller, *Federal Practice and Procedure*, § 2866 (3d ed.). The authors explain, *id.*: "The one-year period represents an extreme limit, and the motion may be rejected as untimely if not made within a 'reasonable time' even though the one-year period has not expired.[]" And, movants bear the burden of showing timeliness under Rule 60(b). *Moses v. Joyner*, 815 F.3d 163, 166 (4th Cir. 2016), *cert. denied sub nom. Moses v. Thomas*, ___ U.S. ___, 137 S. Ct. 1202 (2017).

In my view, although the Motion was technically filed within the maximum time limitation of Rule 60(c)(1), it is not reasonable to raise a discovery issue 364 days after the entry of judgment. The issue that the Wards now raise is not one that could have only been discovered after judgment was entered or that was the result of concealment. To the contrary, the Wards necessarily would have been aware of the issue concerning the alleged use of undisclosed experts when BB&T filed its motion for summary judgment as to Count II, on or about February 12,

2016. *See* ECF 89. This is because both Powers and Schwiers provided declarations *at that time*. *See* ECF 89-2 at 2-6 (Powers Declaration); ECF 89-3 (Schwiers Declaration).

As an excuse for plaintiffs' delay in filing the Motion, the Wards state that they "were awaiting the result of an appeal that was untimely based on jurisdictional not substantive grounds." ECF 107-1 at 2. However, this does not explain the Wards' failure to raise the contention during the pendency of the summary judgment motion.

In any event, even if the Motion had been filed within a reasonable time, the arguments advanced in the Motion lack merit. Both Powers and Schwiers provided information in their declarations based on a review of BB&Ts records and the knowledge that they had acquired through their employment with BB&T. *See* ECF 89-2 at 2-6; ECF 89-3. The mere explication of facts or particularized knowledge, acquired through a person's employment, does not convert that person's fact testimony into expert testimony. *See, e.g.*, *United States v. Chapman*, 209 Fed. App'x 253, 267 (4th Cir. 2006) ("While the witnesses had particularized knowledge that they learned through their jobs, that does not convert their lay testimony into impermissible expert testimony."); *Burlington N. R. Co. v. State of Neb.*, 802 F.2d 994, 1004–05 (8th Cir. 1986) ("Personal knowledge or perception acquired through review of records prepared in the ordinary course of business, or perceptions based on industry experience, is a sufficient foundation for lay opinion testimony."). Notably, neither the Powers Declaration nor the Schwiers Declaration contains opinion evidence. *See* ECF 89-2 at 2-6; ECF 89-3.

In view of the foregoing, I shall DENY the Motion. An Order follows, consistent with this Memorandum.

Date: May 22, 2017                                    /s/
                                                      Ellen L. Hollander
                                                      United States District Judge